IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| LUTHER JERMAINE LEE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 108-041 |
| ) | |
| DONALD BARROW, Warden, ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court **FINDS** that Petitioner has filed a second application for a federal writ of habeas corpus without first obtaining the requisite authorization from the Eleventh Circuit Court of Appeals. Accordingly, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed *in forma pauperis* (doc. no. 3) and "Motion to Vacate and Set Aside and Correct Illegal Sent[e]nce" (doc. no. 2) be deemed **MOOT**, that this case be **DISMISSED**, and that this civil action be **CLOSED**.

### I. BACKGROUND

Following a jury trial in the Superior Court of McDuffie County, Georgia, Petitioner was convicted on September 20, 1995, of malice murder, five (5) counts of aggravated assault, and possession of a firearm during the commission of a felony.[1] Lee v. State, 506 S.E.2d 852, 852 n.1 (Ga. 1998). Petitioner was sentenced to life imprisonment on the malice

---

[1] Petitioner submits that he also plead guilty to theft by taking. (Doc. no. 1, p. 1).

murder count, concurrent terms of twenty (20) years of imprisonment on four (4) of the aggravated assault counts,[2] and a consecutive term of 5 years of imprisonment on the possession of a firearm during the commission of a felony count. Id. On September 14, 1998, Petitioner's convictions and sentences were affirmed by the Supreme Court of Georgia. Id. at 853. Petitioner then filed a state petition for a writ of habeas corpus in the Superior Court of Macon County, Georgia, on January 5, 2005. Lee v. Martin, No. 2000V-05 (Macon County Super. Ct. Jan. 5, 2000). Although the state habeas court held an evidentiary hearing on April 16, 2000, id., the outcome of those proceedings is unknown.[3]

Petitioner also previously filed a federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. See Lee v. Martin, CV 102-137 (S.D. Ga. Sept. 6, 2002). On October 29, 2002, the Court recommended, *inter alia*, that the petition be denied as time-barred by the applicable statute of limitations. Id., doc. no. 4. Thereafter, the Honorable Dudley H. Bowen, Jr., United States District Judge, adopted the Court's Report and Recommendation ("R&R") as the opinion of the Court and dismissed that case. Id., doc. no. 8. Petitioner then appealed, and the Eleventh Circuit Court of Appeals affirmed the dismissal of Petitioner's previous federal petition for a writ of habeas corpus. Id., doc. no. 14. Petitioner filed the above-captioned petition in the United States District Court for the Middle District of Georgia, but it was transferred to the Southern District of Georgia in accordance with the April 4, 2008 Order of the Honorable Claude W. Hicks, Jr., United States Magistrate Judge.

---

[2]The trial court merged one (1) count of aggravated assault into the malice murder count. Lee, 506 S.E.2d at 852 n.1.

[3]In this regard, the Court notes that Petitioner does not mention the state habeas court proceedings in the above-captioned petition.

2

(Doc. no. 5). The case is now before the Court for initial screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[4]

## II. DISCUSSION

### A. Judicial Notice of the Court's Documents

This Court has the authority to take judicial notice of its own documents. United States v. Rey, 811 F.2d 1453, 1457 n. 5 (11th Cir.1987) ("A court may take judicial notice of its own records and the records of inferior courts."). As described above, within this Court's records are Petitioner's previous application for a federal writ of habeas corpus, Lee v. Martin, CV 102-137, the Court's R&R addressing Petitioner's previous application, Judge Bowen's Order adopting the Court's previous R&R, and the Eleventh Circuit Court of Appeals's decision affirming the dismissal of Petitioner's previous application for a federal writ of habeas corpus. Pursuant to the Court's power to take judicial notice of its own records, the Court **FINDS** that Petitioner has filed a prior application for a federal writ of habeas corpus, thereby making the current application his second application with this Court.

---

[4]In pertinent part, this Rule states:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4 of the Rules Governing Section 2254 Cases.

3

## B. Second and Successive Applications for a Writ of Habeas Corpus

The relevant portion of 28 U.S.C. § 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, states, "Before a second or successive[5] [habeas corpus] application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).[6] Thus,

---

[5] With limited exceptions that do not apply to this case, a petition for habeas corpus is considered "second or successive" when the petitioner's first petition has already been dismissed on the merits; the second petition is considered "second or successive" even if it is comprised of previously unexhausted claims. Burton v. Stewart, 127 S. Ct. 793, 797-98 (2007) (per curiam). In this regard, dismissal of a habeas corpus petition on statute of limitations grounds constitutes, as a matter of law, an adjudication on the merits for the purposes of § 2244(b)(3)'s second or successive petition requirements. See, e.g., Murray v. Greiner, 394 F.3d 78, 81 (2d Cir. 2005) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions . . . ."); Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003) (per curiam) ("We hold today that a prior untimely [§ 2254] petition does count [as an adjudication on the merits] because a statute of limitations bar is not a curable technical or procedural deficiency . . . ."). As noted, Petitioner's previous § 2254 petition was dismissed as time-barred. Lee, CV 102-137, doc. nos. 4 & 8. As such, Petitioner's previous federal petition for a writ of habeas corpus was denied on the merits.

[6] Section 2244 is applicable to § 2254 applications by virtue of the following provisions of § 2244:

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(B) (i) the factual predicate for the claim could not have been

4

§ 2254 petitioners must "obtain[] authorization in the court of appeals before filing a second or successive [habeas corpus] application...." Guenther v. Holt, 173 F.3d 1328, 1332 (11th Cir. 1999). Without this authorization, the district court correctly dismisses second and successive habeas corpus applications. In re Medina, 109 F.3d 1556, 1564 (11th Cir. 1997) (*per curiam*). Petitioner does not state that he has either sought or been granted permission to file a second or successive § 2254 petition in this Court. Without authorization from the Eleventh Circuit Court of Appeals, this Court cannot consider Petitioner's claims. See id. ("Instead of filing a pleading in the district court attempting to evade the provisions of 28 U.S.C. § 2244(b), as amended, [Petitioner] should have begun by filing in this Court [the Eleventh Circuit Court of Appeals] an application seeking a certificate permitting him to file a second application in the district court, as required by § 2244(b)(3)(A). Because [Petitioner] did not obtain such a certificate, the district court correctly dismissed his habeas application . . . ." Id.).

Petitioner has not stated that he has received permission from the Eleventh Circuit Court of Appeals to file a second or successive application for a writ of habeas corpus. Furthermore, this Court has received no authorization to address such an application from Petitioner. As a result, this Court lacks the authority to address Petitioner's application.

---

discovered previously through the exercise of due diligence; and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b).

## III. CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases, the Court **FINDS** that Petitioner has filed a second application for a federal writ of habeas corpus without first obtaining the requisite authorization from the Eleventh Circuit Court of Appeals. Therefore, the Court **REPORTS** and **RECOMMENDS** that the motion to proceed *in forma pauperis* (doc. no. 3) and "Motion to Vacate and Set Aside and Correct Illegal Sent[e]nce" (doc. no. 2) be deemed **MOOT**, that this case be **DISMISSED**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 22nd day of April, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE